UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN LYNN HENERY and BEAU EDWARD HANSEN,<br><br>Defendants. | Case No. 1:14-cr-00088-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it Defendant Jonathan Lynn Henery's Motion to Sever Trials (Dkt. 65). For the reasons explained below, the Court will deny the motion.

# ANALYSIS

Defendant Henery seeks a severance from co-defendant Hansen under Federal Rule of Criminal Procedure 14(a). However, that Rule requires severance if a joint trial would prejudice the defendant. Severance should be granted only if a serious risk exists that a joint trial would compromise a particular trial right of a defendant or prevent the jury from reliably determining guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). "Generally, defendants jointly charged are jointly tried." *United States v. Hernandez*, 952 F.2d 1110, 1114 (9th Cir.1991). The test is whether joinder of the

defendants "is so manifestly prejudicial that it outweighs the dominant concern with judicial economy . . . ." *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980).

Henery specifically asks that Hansen be tried first. He alleges that he needs a severance because (1) Hansen's potential exculpatory testimony in favor of Henery is more probable after Hansen is tried, and (2) Rule 404(b) evidence which may be admitted against Hansen will spillover and prejudice him.

1. **Potential Exculpatory Testimony of Co-Defendant**

A defendant seeking severance based upon the need for his co-defendant's testimony must establish that: (1) the defendant would call the co-defendant at a severed trial; (2) the co-defendant would in fact testify; and (3) the testimony would be favorable to the moving defendant. *Hernandez*, 952 F.2d at 1115. Henery has failed to meet his burden. He fails to make any showing that Hansen would in fact testify on his behalf if the severance was granted. The failure to show that Hansen "offered or agreed to testify" is fatal to the motion to sever. *U.S. v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989).

2. **Rule 404(b) Evidence**

The Ninth Circuit has "repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial." *United States v. Fernandez,* 388 F.3d 1199, 1143 (9th Cir. 2004). Here, Henery suggests the Government may introduce evidence that co-defendant Hansen engaged in

racially motivated misconduct several years ago. He contends such evidence will spillover and prejudice him.

This is exactly the type of evidence which can be addressed by a limiting instruction. A jury can easily consider evidence that Hansen engaged in racially motivated misconduct many years ago, unrelated to Henery, as it applies only to Hansen. Moreover, when criminal defendants are jointly tried, this Court always gives the standard Ninth Circuit instructions to the jury that the charges are joined for trial, but that they must decide the case of each defendant on each crime charged against the defendant separately. The Court will also give whatever limiting instruction is needed if the Rule 404(b) evidence is admitted – defense counsel should request such an instruction at the appropriate time during the trial. Accordingly, the Court will deny the motion to sever.

## ORDER

**IT IS ORDERED:**

1. Defendant Jonathan Lynn Henery's Motion to Sever Trials (Dkt. 65) is **DENIED**.

DATED: January 12, 2015

B. Lynn Winmill
Chief Judge
United States District Court