UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN LYNN HENERY and BEAU EDWARD HANSEN, <br><br> Defendants. | Case No. 1:14-cr-00088-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendant Jonathan Henery's Motion in Limine (Dkt. 96). As explained during the jury instruction conference, the Court will address one issue in that motion – whether to allow evidence that Henery is a member of SVC – so that the Court can finalize the jury questionnaire. The Court will address the remaining issues in the motion in a separate order.

## ANALYSIS

Henery asks the Court to exclude evidence that he is involved with a gang called SVC. He explains that he does not deny being involved with SVC, but argues his involvement is not relevant and highly prejudicial to the charge in this case because SVC is not a racist gang.

Among other things, the Government intends to elicit testimony that Hansen yelled "SVC" before the defendants attacked Lewis and that, after the attack, both defendants yelled "SVC" repeatedly throughout the establishment, and Henery raised his shirt to expose his SVC tattoos. Under these circumstances, it would be impossible for the government to present a coherent account of the events leading to the charges in this case without allowing the testimony the Government intends to elicit. This, in turn, will make it necessary to present evidence that Henery was involved with SVC. In other words, the evidence is inextricably intertwined with the critical events relating to the charges here.

However, a court, after deciding that it is necessary to admit evidence of gang affiliation, may "take steps to minimize any undue prejudice that could flow therefrom." *U.S. v. Takahashi*, 205 F.3d 1161, 1165 (9th Cir. 2000). Thus, the Court will, after consulting with counsel, consider giving the jury an appropriate limiting instruction. For example, the Court may instruct the jury that the SVC gang is not a white supremacist or racially-motivated gang. The Court will determine the specifics of a limiting instruction at the appropriate time during trial. Accordingly, the motion will be denied, the government will be allowed to present limited evidence of gang affiliation tied to the events surrounding the attack, and the Court will include the gang affiliation question in the jury questionnaire.

## ORDER

**IT IS ORDERED:**

1. Defendant Jonathan Henery's Motion in Limine (Dkt. 96) is **DENIED IN PART**, and **RESERVED IN PART**.

DATED: January 23, 2015



B. Lynn Winmill
Chief Judge
United States District Court