UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN LYNN HENERY and<br>BEAU EDWARD HANSEN,<br><br>Defendants. | Case No. 1:14-cr-00088-BLW<br><br>AMENDED MEMORANDUM<br>DECISION AND ORDER |

## INTRODUCTION

The Court has before it several motions in limine and other related motions. The Court will address each below.

## ANALYSIS

**1.  Government's First Motion in Limine**

The Government asks the Court to prohibit the defendants from eliciting their own statements from witnesses, as well as from discussing any such statements in voir dire or opening statements. Defendant Hansen did not respond, and Defendant Henery's response seems to concede that he generally cannot offer his own statements through other witnesses because it would be hearsay.

However, Henery seems to suggest that he should be able to offer his own statements through another witness if the statements are only admitted to show intent,

motive, etc., and not to prove the truth of the matter asserted. The Court recognizes that there may be circumstances when a statement may be introduced by the defendant as non-hearsay or under an exception to the hearsay rule. But the Court cannot predict all such scenarios pre-trial. Accordingly, the Court's general ruling here is that a defendant cannot attempt to offer his statement as evidence through another witness. If defense counsel believe a hearsay exception applies to a specific statement, counsel may ask for a sidebar to discuss the issue. But counsel should refrain from referencing any such statements without first obtaining a ruling from the Court.

**2.      Government's Second Motion in Limine**

The Government asks the Court to prohibit the defendants from introducing improper character evidence at trial – specifically, evidence of the defendants' specific acts of racial tolerance. Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, the rule makes an exception and provides that in a criminal case, a "defendant may offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A).

The Rules also provide guidance as to the appropriate methods of proving character. "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). However, when the "person's character or charter trait is an essential element of a charge, claim, or defense, the character trait may also be proved

by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). Given the charge in this case, the defendants' racial tolerance is a pertinent trait, and the defendants may offer evidence of this trait by testimony about their reputation or by testimony in the form of an opinion.

But whether defendants may offer evidence of specific instances of racial tolerance depends upon whether their character or character trait is an essential element of the charge. Fed. R. Evid. 405. The elements of the charge in this case are that the defendants willfully caused bodily injury to Derek Lewis because of Lewis's race or color. The Ninth Circuit requires that when determining whether a defendant's character or character trait is an essential element of the charge for purposes of Rule 405, the Court must conduct an inquiry according to the terms of the Rule itself. *U.S. v. Keiser,* 57 F.3d 847, 856 (9th Cir. 1995). *Keiser* cites McCormick on Evidence for the proposition that "[t]he relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense? If not, then character is not essential and evidence should be limited to opinion or reputation." *Id.*

McCormick reaches this conclusion by indicating that a person's characteristic behaviors may be a material fact that under the substantive law determines rights and liabilities of the parties. McCormick continues by stating that,

> [w]hen character has been put in issue by the pleadings . . . evidence of character must be brought forth. In view of the crucial role of character in this situation, the courts usually hold that it can be proved by evidence of specific acts. The hazards of prejudice, surprise and time-consumption implicit in this manner of proof are more tolerable when character is

> itself in issue than when this evidence is offered as an indirect
> indication of how the defendant behaved on a specific
> occasion. Federal Rule 405 reflects this approach.

E. Cleary, McCormick on Evidence, § 187 (3d ed. 1984). McCormick cites cases involving defamation, negligence, child custody, nuisance, employment discrimination, and civil rights.

Here, a hyper-technical reading of the charge may suggest that racial intolerance is not an element of the charge. However, there is really no fair way to prohibit evidence of the defendant's racial tolerance when the Government intends to use specific evidence of the defendant's racial intolerance or bias in trying to show that he acted "because of" Derek Lewis's race or color. Proving that the defendant acted "because of" Lewis's race or color is essentially proof of racial intolerance, making it an element of the charge.

Moreover, the Court is not altogether clear about the defenses which will be asserted at trial. Accordingly, the Court is unable to rule in advance of trial that the defendants will be categorically precluded from offering evidence of specific instances of racial tolerance in defending against the charges here. However, the Court will expect counsel to raise the issue with the Court outside the presence of the jury before attempting to elicit such testimony from a witness.

## 3. Government's Third Motion in Limine

The Government asks the Court to prohibit the defense from making any reference at trial, whether through counsel, witnesses, or other evidence, concerning certain matters which the Government contends are irrelevant, misleading, or would support jury

nullification. The Government's initial motion focused on excluding (1) arguments about the constitutionality of 18 U.S.C. §249 and related state law, (2) jury nullification, and (3) reference to other violent incidents at the Torch 2 and similar clubs. Jury nullification and the other violent incidents do not seem to be at issue – it appears the defendants do not intend to offer evidence or make arguments about these two issues. Likewise, it appears the defendants do not intend to argue or present evidence that 18 U.S.C. §249 is unconstitutional. Regardless, the Court will not allow evidence or argument on these three matters, and the motion is granted in this respect.

With regard to the related state law matters, the defendants maintain their right to offer evidence and make arguments about how the decision on how to charge defendants may have affected law enforcement's investigation of the incident. This issue is too nuanced for the Court to resolve on a motion in limine. As noted by both sides, the Court must, and will, apply the Federal Rules of Evidence in admitting evidence and allowing argument. The Court will need to address these issues during the trial. Counsel should give the Court fair warning when they believe the issue is about to present itself at trial, so the Court can address it outside the presence of the jury.

4.     **Government's Fourth Motion in Limine**

The Government asks the Court to instruct defense counsel not to mention any prior convictions of witnesses until they testify, and also to inquire of the Court outside the presence of the jury if they seek to admit any prior convictions other than as agreed to by the Government in its motion. Federal Rule of Evidence 609 governs the admission of

evidence of prior convictions to impeach a witness. The rule provides that a prior felony conviction of a witness which is less than 10 years old "must be admitted, subject to Rule 403, in a . . . criminal case in which the witness is not a defendant. . . ." Fed. R. Evid. 609(a)(1) & (b). For a prior misdemeanor, the evidence "must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

Rule 403, in turn, provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice." Fed. R. Evid. 403. Read together, the rules direct the trial court that it "must" admit a witness's prior felony conviction, and prior misdemeanor conviction involving dishonesty or false statements, unless it finds that the probative value of the convictions are "substantially outweighed" by unfair prejudice.

If the conviction is more than 10 years old or it has been more than 10 years since the witness's release from prison, whichever is later, a different analysis is used. In those instances, the evidence can be used only if the trial court determines that its probative value "substantially outweighs its prejudicial effect," and the proponent gives an adverse party notice of intent to use it. Fed. R. Evid. 609(b).

There is agreement by Henery on the entirety of the Government's request, and agreement by Hansen on much of it. Accordingly, the Court will only address those witnesses and their testimony where there is disagreement between the Government and Hansen.

### A. T.H.

The parties agree on the testimony of T.H., except as to the 2002 misdemeanor unlawful entry and petit theft conviction. Hansen argues that if the crime was committed by fraudulent or deceitful means, it could be admissible. Hansen is correct. However, it appears the crime was committed more than 10 years ago. Assuming T.H. was also released from jail more than 10 years ago, Rule 609(b) must first be met. The Court does not have sufficient information to make that determination now, so it will be addressed during trial if necessary. But at this point, the Court is not persuaded that the conviction can be used. Defense counsel should first address this matter with the Court outside the presence of the jury if they intend reference the conviction.

Second, Hanson seems to suggest that T.H.'s history of alcohol abuse may be relevant to his testimony, which would somehow make the conviction admissible. The Court does not fully understand this argument. T.H.'s history of alcohol abuse may very well be relevant, but it does not automatically follow that the conviction is admissible.

Accordingly, at this point, the Court will note that if Rule 609(b) has been met, and Hansen is able to establish that the elements of the crime required proving, or T.H. admitting, a dishonest act or false statement, the Court will consider admitting evidence of the conviction. If Hansen intends to offer it as evidence of alcohol abuse issues, the Court will need to be persuaded. Accordingly, the request is granted, with leave for the defendants to address the issue outside the presence of the jury.

### B. R.M.

The parties disagree on whether R.M.'s convictions for the following three crimes are admissible: (1) 2014 misdemeanor conviction for unauthorized use of federal food stamps; (2) 2014 misdemeanor conviction of no contact order, possession of a controlled substance, and resisting or obstructing officers; and (3) 2014 misdemeanor trespass. The Court is unable to make a definitive ruling here, but will give the parties the Court's inclination on the matter.

The misdemeanor conviction for unauthorized use of federal food stamps seems like the type of crime where the Court can readily determine whether establishing the elements of the crime required proving, or R.M. admitting, a dishonest act or false statement. Counsel should be prepared to address the elements of this crime at trial if they intend to offer the conviction into evidence.

Hansen's argument that the other two convictions should be admitted because he faced prosecution, creating incentive to cooperate with the Government, is unpersuasive without more foundation or explanation. And the argument that R.M. may have been too intoxicated to accurately perceive or recall the events, although potentially admissible evidence, does nothing to fulfill the requirements of Rule 609. Accordingly, although the Court will withhold ruling on the admissibility of these convictions, the Court's explanation should give the parties some guidance on how to proceed should the defendants attempt to offer the convictions as evidence. Again, counsel should take the issue up with the Court outside the presence of the jury if they intend to reference the convictions.

### C. L.B.

Hansen contends that L.B.'s history of substance abuse, and his probation or parole status, may be admissible. This issue is similar to the argument that R.M.'s status of facing charges warrants admission of certain convictions. The suggestion that L.B.'s substance abuse problems and probation or parole status warrant admission of the convictions, without more, is unpersuasive. Although evidence of L.B.'s history of substance abuse may be relevant, it does not necessarily follow that the convictions are admissible. And without more foundation or evidence that L.B.'s parole or probation status affects his testimony, the probative value of such evidence is outweighed by the prejudice of informing the jury that he was on parole or probation for an unspecified conviction. Accordingly, the motion is granted with respect to L.B., but Hansen is given leave to address the matter outside the jury's presence if he believes the evidence supports more of a connection between L.B.'s probation or parole status and his testimony than has been suggested here.

### D. V.R. and T.L.

Hansen generally agrees that the prior misdemeanor convictions in dispute regarding these two witnesses are not admissible under Rule 609. However, he suggests that the convictions may be admissible to challenge the witnesses' credibility. The Court is not persuaded by this argument based upon the limited information provided to the Court. Accordingly, the motion will be granted as to V.R. and T.L.

### 5. Government's Fifth Motion in Limine

The Government asks the Court to preclude inquiry into D.L.'s irrelevant medical conditions and limit inquiry into allegations that, on occasions separate and apart from the night in question, any government witness used or abused alcohol or other controlled substances. Hansen did not respond, and Henery stated that he does not intend to inquire about these situations. Accordingly, the motion will be granted.

**6.      Henery's First Motion in Limine**

Henery raises several issues in limine. The Court addressed one issue in an earlier Order (Dkt. 151). The Court will address the rest here.

**A.      911 Call**

Henery asks the Court to preclude D.L.'s 911 call. The Government does not object, except to reserve their right to use it if Henery opens the door under Rule 801(d)(1). Accordingly, the Court grants the request, but reserves ruling on whether the call may be used if Henery opens the door.

**B.      Detective and Police Witness Testimony**

Henery asks the Court to preclude witness statements to police. He states that any witness must be required to testify before their statements can be admitted. The Government does not object except to reserve their right to permit investigators to testify about the statements pursuant to the Federal Rules of Evidence after the witnesses testify. Accordingly, the Court will grant the motion, but reserve ruling on whether the officers may testify about the statements if the witnesses testify.

**C.      Detective Testimony about Hate Crime**

Henery asks the Court to prohibit the detectives' opinion testimony that a hate crime occurred. The Government does not object to precluding the investigators from stating their opinion that a hate crime occurred. The Government does ask that the motion be denied in part, and that investigators be allowed to accurately respond to questions about their investigative steps and techniques. The motion only seeks to preclude the opinion that a hate crime occurred, not that investigators be prevented from responding to questions about their investigative steps and techniques. Accordingly, the Court will grant the motion.

### D. Derek Lewis as Victim

Henery asks the Court to preclude any reference to Derek Lewis as the victim. Referring to Lewis as the victim of the alleged crime is not prejudicial. The jury will understand, and will in fact be instructed, that this is a criminal case brought by the Government, but that the indictment and the charges are only an accusation. The Government's reference to Lewis as the victim simply reflects the Government's theory of the case. The motion is denied as to this issue.

### E. Henery's Criminal History

Henery asks the Court to preclude reference to his previous felony conviction. The Government agrees. Henery's conviction may only be referenced if and when Henery testifies. Even then, the Court will determine whether it is admissible.

### F. Henery's Previous Fight with B.S.

Henery asks the Court to preclude testimony regarding the circumstances under which Henery and B.S. first met. The Government does not object. Accordingly, the request is granted.

      **G.    Lay Opinion Altercation was Racially Motivated, Testimony of Certain Witnesses, and Lewis's Good Character**

The Government has no objection to the final three requests in Henery's motion. Accordingly, those requests will be granted.

**7.    Motion for Jury View**

Hansen asks the Court to allow the jury to view the Torch 2 lounge, which is where the alleged events leading to the charges in this case occurred. Jury views are left to the sound discretion of the judge. *Hametner v. Villena,* 361 F.2d 445, 446 (9th Cir. 1966).

Hansen suggests a surveillance video will likely be introduced at trial, but that the video grainy and misrepresents the distance, size, and relative locations of the parties on the evening in question. He indicates the video is incomplete, and that it has no sound, even though music was playing on the evening in question. Defense counsel suggests that to the best of his knowledge, the location has not been substantially changed since the event just over a year ago. Hansen wants the jury to view the location so they are in a better position to understand the incident and evaluate the video and witness testimony of the location. He indicates the jury will be able hear the sound level "if it is determined to be the same," and notice that the location is more compact than depicted in the video. *Def. Br.,* p.4, Dkt. 93. The location is just over 3 miles from the courthouse.

The Court is not persuaded that the jury should view the location. The location is a lounge or "gentlemen's club" located in Boise, Idaho. The Court is not satisfied that the location is substantially similar to how it appeared on the night of the incident, i.e., same lighting, same décor, same furniture arrangement, etc. And the defendant acknowledges that there is no guarantee the sound level will be the same. In fact, the Court is not even sure what is meant by the sound level – does that mean we would need to replicate the music at the time of the incident, replicate voices and conversations at the time of the incident, and replicate any other sounds at the time of the incident? There are simply too many unknowns, and it would be too difficult for the Court to adequately control the environment during the visit.

These concerns outweigh any probative value the visit would provide. Witness testimony, coupled with photos and recordings, can adequately describe the location. The Court has not been provided with any indication that the lounge is so unique that a site visit is needed. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED:**

1. Government's First Motion in Limine (Dkt. 58) is **Granted**.

2. Government's Second Motion in Limine (Dkt. 59) is **Denied**.

3. Government's Third Motion in Limine (Dkt. 62) is **Granted in part** and **Ruling is Reserved in part** as explained above.

4. Government's Fourth Motion in Limine (Dkt. 85) is **Granted in part** and **Ruling is Reserved in part** as explained above.

5. Government's Fifth Motion in Limine (Dkt. 94) is **Granted**.

6. Defendant Henery's First Motion in Limine (Dkt. 96) is **Granted in part**, **DENIED in part**, and **Ruling is Reserved in part** as explained above.

7. Defendant Hansen's Motion for a Jury View (Dkt. 93) is **Denied**.

DATED: January 29, 2015

B. Lynn Winmill
Chief Judge
United States District Court